**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and UNIVERSAL UNDERWRITERS INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> BROOKS BOWMAN, an individual; WACHOVIA DEALER SERVICES, INC., a corporation; WELLS FARGO DEALER SERVICES, INC., a California corporation; DOES A-Z AND ROE ENTITIES 1-15, <br><br> Defendants. | Case No.: 2:10-cv-00988-RLH-PAL <br><br> **O R D E R** <br><br> (Motion for Preliminary Injunction–#4) |

Before the Court is Plaintiffs Zurich American Insurance Company and Universal Underwriters Insurance Company's (collectively referred to as "Zurich") **Motion for Preliminary Injunction** (#4), filed June 23, 3010.  The Court has also considered Defendants Brooks Bowman, Wachovia Dealer Services, Inc., and Wells Fargo Dealer Services, Inc.'s Opposition (#18), filed August 30, 2010, and Zurich' Reply (#20), filed September 13, 2010.

/

/

1

**BACKGROUND**

This dispute arises out of Zurich's claim that Bowman wrongfully solicited Zurich's clients and, together with the other Defendants, used Zurich's confidential information against it in violation of state law. Zurich alleges the following facts in support of its claims. In November 2003, Bowman began working for Zurich as a sales representative. At that time, Bowman executed an employment agreement containing a non-compete clause. In general, the non-compete clause precludes Bowman from soliciting Zurich clients for a period of two-years following termination of his employment. The employment agreement also requires Bowman to keep any information relating to Zurich's clients confidential. In September 2009, Bowman left Zurich's employ. However, prior to his last day of employment, Bowman took certain proprietary and confidential information from one of Zurich's computers. Bowman then began working for Defendant Wachovia, a competitor of Zurich's, at which time he began contacting Zurich's clients in an attempt to sell them Wachovia products. As a result, Zurich sent a letter to Bowman requesting him to stop soliciting Zurich's clients in violation of the employment agreement. Bowman rejected the request.

On June 22, 2010, Zurich commenced this suit naming Bowman, Wachovia, and Wells Fargo (as successor in interest to Wachovia) as Defendants. The action was brought to this Court under federal question jurisdiction. Zurich asserted the following causes of action: (1) misappropriation of trade secrets, (2) breach of contract, (3) breach of fiduciary duty, (4) conversion, (5) tortious interference with contract, and (6) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Federal question jurisdiction exists because of the alleged CFAA violation. Zurich asks the Court to exercise supplemental jurisdiction over the remaining state law claims.

Zurich filed this motion for preliminary injunction seeking to prevent Defendants from further soliciting Zurich's clients and using Zurich's confidential information. For the

/

AO 72
(Rev. 8/82)

reasons discussed below, the Court exercises its discretion to decline supplemental jurisdiction over Zurich's state law claims and denies Zurich's motion for preliminary injunction.

**DISCUSSION**

**I.  Supplemental Jurisdiction**

    **A.  Legal Standard**

In cases where a federal district court has original jurisdiction over a claim, it may exercise supplemental jurisdiction over "all other claims that are so related to the claims . . . within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a federal court may decline to exercise supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c)(2). In addition, a district court may consider other factors when determining whether to exercise supplemental jurisdiction, "including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997).

To determine whether state law claims substantially predominate, a district court may consider "the scope of the state and federal issues, the terms of proof required by each type of claim, the comprehensiveness of the remedies, and the ability to dismiss the state claims without prejudice." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27 (1966). "Generally, a district court will find substantial predomination 'where a state claim constitutes the real body of a case, to which the federal claim is only an appendage'—only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3rd Cir. 2003).

**B.     Analysis**

The Court finds that Zurich's state law claims substantially predominate over their CFAA claim. To begin, the state law claims greatly outnumber the federal claim—five to one. More importantly, however, the CFAA claim is not the real body of Zurich's case. Although the alleged unauthorized access of information on Zurich's computers is a component of Zurich's injuries, it is not the core component of those injuries. Rather, it was Defendants subsequent use of that information in allegedly soliciting and appropriating Zurich's business that caused Zurich significant harm. Thus, if Zurich prevails on all of its claims the bulk of the damages will serve to redress its state-related injuries. Furthermore, the thrust of Zurich's energies in this action will be directed toward proving the elements of the state law claims—not simply because there are five state law claims and one federal claim, but because the state law claims are more important to Zurich's interests in this litigation, *i.e.*, preventing and remedying the harm to their business prospects. In sum, the Court concludes that the crux of this case is the state law claims; the CFAA claim is only tangential. Accordingly, the Court exercises its discretion to decline supplemental jurisdiction over Zurich's state law claims. Therefore, the Court dismisses those claims without prejudice.

**II.     Preliminary Injunction**

**A.     Legal Standard**

Under Rule 65 of the Federal Rules of Civil Procedure, Zurich seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citation omitted). Thus, a party must satisfy each of these four requirements.

**B.     Analysis**

Because the Court has dismissed Zurich's state law claims, it will only consider the CFAA claim in analyzing the propriety of a preliminary injunction. However, the CFAA claim does not warrant injunctive relief. The CFAA claim only addresses conduct that has allegedly occurred in the past, *i.e.*, the unauthorized access of information on Zurich's computers. Zurich's motion was geared towards their state law claims—they do not argue that Bowman will once again attempt to access information on their computers. Therefore, the Court finds that Zurich has not demonstrated a likelihood of irreparable harm in the absence of injunctive relief because any injury Zurich sustained as a result of the alleged unauthorized access can be properly remedied with money damages. Additionally, the Court finds that Zurich has not shown a likelihood of success on the merits of the CFAA claim. In order to prevail on the CFAA claim, Zurich must show that Bowman was not authorized to access Zurich's computer—and that fact is not clear from Zurich's allegations. Accordingly, the Court denies the motion for preliminary injunction.

/
/
/
/
/
/
/
/
/
/
/
/
/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Court declines to exercise supplemental jurisdiction over Zurich's state law claims. Therefore, the Court dismisses the following claims:

- Count I: Misappropriation of Trade Secrets
- Count II: Breach of Contract
- Count III: Breach of Fiduciary Duty
- Count IV: Conversion
- Count V: Tortious Interference with Contract

IT IS FURTHER ORDERED that Zurich's Motion for Preliminary Injunction (#4) is DENIED.

Dated: December 16, 2010

_____
**ROGER L. HUNT**
**Chief United States District Judge**